IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID DELDEBBIO,

        Plaintiff,

  v.

WALGREENS CO., *et al.*,

        Defendants.
                           /

No. C 11-01866 SI

**ORDER RE: DISCOVERY DISPUTE**

On February 1, 2012, plaintiff submitted a letter brief to the Court regarding a dispute over his request to depose nine persons in connection with this case. On February 7, 2012, defendant objected to all nine depositions.

**BACKGROUND**

Plaintiff David DelDebbio was employed with defendant Walgreens Co. for over thirty years. He was a participant in and a beneficiary of the Walgreens Income Protection Plan ("Plan"). Defendant Sedgwick Claims Management Services ("Sedgwick") and Walgreens were the administrators of that plan. In 2009, plaintiff became unable to work due to severe mental disabilities.

Plaintiff applied for long term disability ("LTD") benefits under the Plan. He was denied by Sedgwick. He resubmitted his claim to another department at Sedgwick and was denied. He then appealed this decision within Sedgewick and was denied again. At no time did any person from Sedgwick examine plaintiff regarding his disability.

Plaintiff alleges seven causes of action: (1) denial of ERISA benefits, (2) breach of fiduciary duty, (3) equitable relief under ERISA, (4) breach of contract, (5) bad faith, (6) injunctive relief, and (7) declaratory relief.

Plaintiff is seeking to depose nine people in connection with his denial of benefits: (1) Angela Cannon, the employee of Sedgwick who made the initial decision to deny the claim; (2) Sedgwick's long term disability specialist, who made the decision to deny the claim after review; (3) Sedgwick's appeal specialist, who made the decision to deny the claim after appeal to Sedgwick; (4) Lawrence J.

1  Albers, M.D., a doctor on whose opinion Sedgwick based its denial of the claim; (5) Reginald Givens,
2  M.D., same; (6) Marcus Goldman, M.D., same; (7) Sedgwick's Person Most Knowledgeable ("PMK")
3  regarding plaintiff and his claim; (8) the Plan's PMK regarding plaintiff and his claim; and (9)
4  Walgreen's PMK regarding plaintiff and his claim.

**DISCUSSION**

Defendants object to these depositions primarily on the grounds that evidence in ERISA litigation is limited to the administrative record.[1] In an ERISA benefits case, evidence outside the administrative record can only be considered under limited circumstances. *Opeta*, 484 F.3d at 1217 (citing *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943–44 (9th Cir.1995)). In the Ninth Circuit, additional evidence has been admitted when there is a conflict of interest between the plan's administrator and source of funding, or where the standard of review is unclear. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970-71 (9th Cir. 2006); *Klund v. High Tech. Solutions, Inc.*, 417 F. Supp. 2d 1155, 1159-60 (S.D. Cal. 2005).

**1.    Conflict of interest**

Where a conflict of interest exists between the administrator of an ERISA plan and the source of that plan's funds, discovery is allowed outside the administrative record. *See Frost*, 414 F. Supp. 2d at 963; *Lang v. Long-Term Disability Plan*, 125 F.3d 794, 797 (9th Cir. 1997). To show a conflict of interest, the plaintiff must provide "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self interest caused a breach of the administrator's fiduciary obligations to the beneficiary." *Frost v. Metropolitan Life Ins. Co.*, 414 F. Supp. 2d 961, 963 (C.D. Cal. 2006) (citing *Atwood v. Newmont Gold Co., Inc.*, 45 F.3d 1317, 1322 (9th Cir.1995)). In both *Frost* and *Lang*, the administration and funding for the plans in question came from the same source. *Frost*, 414 F. Supp. 2d at 963-64; *Lang*, 125 F.3d at 797. Here, Sedgwick administers the plan, but Walgreens

---

[1] This order allows discovery regarding plaintiff's ERISA claims. It does not address the common law causes of action in the complaint. Counsel are urged to examine the viability of the common law causes of action in light of plaintiffs' ERISA claims.

funds it. Therefore, no apparent conflict of interest exists. Nevertheless, defendant has agreed to make the person most knowledgeable regarding any conflict of interest at Sedgwick available to be deposed. Defendant's Letter at 5. The Court GRANTS plaintiff's request to depose the PMK at Sedgewick regarding any conflict of interest between the administrator and the fund.

**2.      Unclear standard of review**

In an ERISA benefits case, the administrative record is reviewed *de novo* unless the plan itself grants discretion to its administrators. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Even where the plan administrator has discretion, review is *de novo* if the administrators committed flagrant procedural violations. *Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir. 2005). Where the nature of the procedural violations is unclear, discovery is allowed to determine the correct standard of review. *Klund*, 417 F.Supp.2d at 1159-60.

Plaintiff has alleged procedural violations of ERISA. "[P]rocedural violations of ERISA do not alter the standard of review unless those violations are so flagrant as to alter the substantive relationship between the employer and employee, thereby causing the beneficiary substantive harm." *Gatti*, 415 F.3d at 985; *see also Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098 (9th Cir.2003) (administrator's failure to adhere to its own procedures requires de novo review). "When an administrator can show that it has engaged in an ongoing, good faith exchange of information between the administrator and the claimant, the court should give the administrator's decision broad deference notwithstanding a minor irregularity." *Abatie*, 458 F.3d at 972 (internal quotations omitted). "Even when procedural irregularities are smaller, though, and abuse of discretion review applies, the court may take additional evidence when the irregularities have prevented full development of the administrative record. In that way the court may, in essence, recreate what the administrative record would have been had the procedure been correct." *Id.* at 973.

In other words, in the context of ERISA procedural violations, discovery outside the administrative record is proper where there have been flagrant violations of ERISA procedure constituting substantive harm to the beneficiary, or where procedural violations have prevented the full development of the administrative record. *See id.* at 974 (administrator who adds a new reason for

3

denial on appeal insulates that rationale from review, thus violating the procedure and purpose of ERISA).

ERISA requires plans to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial . . . ." 29 U.S.C. § 1133. Plaintiff alleges that defendants failed to "provide a detailed explanation as to why they rejected the specific evidence" in plaintiff's file, that they "failed to provide a description of any material or information necessary" for plaintiff to perfect his claim, and failed to provide plaintiff's attorney "with enough time to review the administrative records prior to the deadline" for plaintiff's appeal. Compl. ¶¶ 35, 51-53, 59-61. Plaintiff has not alleged that any of these actions flagrantly violate ERISA procedure. None of these allegations appears to have prevented the full development of the administrative record. Plaintiff is not entitled to discovery regarding the standard of review due to alleged procedural violations of ERISA at this time.

In their letter defendants discuss their willingness to allow written depositions of the physicians for the limited purpose of establishing the relationship of the doctors to the administrators, the financial compensation realized by the doctors, and the extent to which the doctors perform services for the administrator versus other companies. Defendants' Letter at 5-6. The Court ORDERS written depositions pursuant to the above specifications.

## CONCLUSION

For the reasons stated above, the Court GRANTS plaintiff's request to depose the person most knowledgeable regarding potential conflicts of issue between Sedgwick and the Plan. Plaintiff may also seek written depositions from the doctors who examined the record for the limited purposes stated above. The Court DENIES plaintiff permission to seek the remaining depositions. Plaintiff must serve the appropriate requests and notices by **March 12, 2012.** [docs. 37 and 38]. The Court extends non-expert discovery deadline until **March 30, 2012**.

**IT IS SO ORDERED.**

Dated: March 5, 2012

SUSAN ILLSTON
United States District Judge

4